SAMUEL DONELSON v. THE BOARD OF COMMISSIONERS OF HOWARD COUNTY.

COUNTY ATTORNEY, *Fees of.* Where a county attorney in 1874 brought an action in favor of his county against a defaulting county treasurer and his sureties, for moneys which the treasurer had received by virtue of his office, and attached in the action certain real estate and personal property of the treasurer, and after the commencement of the legal proceedings there was a settlement and compromise of the suit between the board of county commissioners and such treasurer, attributable solely to the pending litigation, which settlement the county attorney assisted to make, and thereby over $6,000 in money was paid to the county by the treasurer, and also large amounts of county scrip, cattle and other property received upon the indebtedness sued for, but which cattle and other property had not been converted into money at the commencement of the

action, *held*, the county attorney is entitled to ten per cent. on all the money collected, but commissions are not allowable on the county scrip, cattle and other property.

### Error from Howard District Court.

ACTION brought by *Donelson* against *The Board of Commissioners of Howard County*, to recover certain fees alleged to be due him from said county, as county attorney, for collecting certain moneys, in 1874. Trial by the court, at the November Term, 1875, and findings and judgment for defendant. The plaintiff brings the case to this court. The facts sufficiently appear in the opinion.

*R. H. Nichols*, and *Johnson & Davis*, for plaintiff in error.

*J. D. McBrian*, county attorney, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action by the plaintiff in error to recover fees alleged to be due him from Howard county, as county attorney, for collecting certain moneys, in the year 1874. The case was tried by the court, a jury being waived, and resulted in a judgment against the plaintiff. The findings of fact by the court were as follows:

1st.–E. D. Custer, as treasurer of Howard county, collected a large amount of money as taxes belonging to the several funds of which he was by law the custodian, and absconded with the moneys belonging to the state and county, and several school districts and townships of the county.

2d.–The plaintiff, as county attorney of Howard county, commenced an action in the district court of that county, in the name of the county, against Custer and the sureties on his official bond, to recover the sum of $30,000 alleged to be due the county by reason of said defalcation; and some land, a herd of cattle, and other property were attached.

3d.–After the commencement of the action, Custer deposited in bank, to abide the event of the action, the sum of $1,690, which was afterward paid over to the county, to be credited on Custer's account with the state for money collected on sales of school lands, leaving a balance on said account in favor of the state.

4th.—Pending proceedings in said action, a settlement was effected between the county board and Custer, which the plaintiff as county attorney assisted in making. Under the settlement, Custer paid the county $2,500 in money, and turned over uncanceled county warrants issued by the county of Howard amounting to $7,213.97.

5th.—Custer conveyed a tract of land to the county valued at $1,000, and agreed to pay the further sum of one thousand dollars — $500 secured by assignment of a note and mortgage on lands, and $500 secured by mortgage on town property. Of the last-mentioned $1,000, five hundred dollars had been paid the county at the trial of this action. Custer also transferred to the county the cattle attached, and a pony valued at $40; and he agreed to make up the deficit if the cattle failed to net the county $3,000.

6th.—J. W. Custer, one of the sureties, agreed within ten days to execute a note to the county for $1,680.18, due January 10, 1875, secured by a mortgage on land — the mortgage also to secure the deficit in the sale of the cattle.

7th.—In consideration of the premises, the county board agreed to pay off and discharge all of Custer's indebtedness as treasurer, which was ascertained at the settlement to be as follows: To state treasurer, for funds arising from sale of school lands, $240.13; to state treasurer, for state taxes collected for the year 1873, $621.37; to county treasurer of Howard county, for state school funds undistributed, $2,594.24; to county treasurer of Howard county, for county school funds undistributed, $236.02; to county treasurer, for poor-taxes collected for 1873, $238.08; to county treasurer, for township taxes collected for the several townships of Howard county for 1873, $1,314.84; to county treasurer, for school-district taxes collected for the several districts of Howard county, $10,824.72.

8th.—The evidence in this case shows that J. W. Custer paid the amount of his note, $1,680.18, to the county; but at what time, whether before or after the plaintiff's claim was presented, is not shown, unless it is presumed to have been paid at maturity. Neither does it appear whether the payment was made voluntarily, or enforced by action; nor to whom it was made, whether to the county board, or county treasurer, or the plaintiff as county attorney, or his successor in office.

9th.—The cattle sold for the net sum of $1,405, and the proceeds were paid to the county, but it does not appear at what time.

Upon these findings of fact, the court decided that the plaintiff was not entitled to any commission, and ordered the action dismissed at his costs. In this there was error. The statute in force at the time of the transactions referred to in the several findings provided, "county attorneys shall be allowed ten per cent. on all moneys collected by them in favor of the state or county." The sum of $6,370 was actually recovered in money, and also certain land, cattle, and other property secured, out of which other moneys were realized; and such money and property were mainly obtained by reason of the legal proceedings, including the attachment, instituted by the plaintiff for Howard county against the defaulting treasurer of said county and his sureties. It is true that the money and property were obtained in a settlement and compromise between the county board of Howard county and the treasurer, pending the legal proceedings; but the county attorney assisted in making the settlement, and such settlement and compromise were attributable solely to the pending litigation. In such a case, the plaintiff may be said to have substantially collected all the money received by the action he commenced, though it did not actually pass through his hands, and although it was received on a compromise after the commencement of the legal proceedings, and not under a judgment. We do not think the plaintiff entitled to any commission on the uncanceled county warrants, nor upon the cattle, pony, and other property taken in the compromise. These are not moneys within the statute; and even if equivalent to money, it does not appear from the findings that money was obtained for them prior to the filing of the plaintiff's claim before the county commissioners of Howard county. In the absence of more specific findings, we may well conclude that the uncanceled warrants had been redeemed by the treasurer, for which he was entitled to a credit on final settlement, and if so, they were a valid set-off to the claim of the county, upon being surrendered and canceled. The suggestion that plaintiff was not entitled to commissions because no judgment could have been rendered in the action brought for the

state, township and school-district funds collected, is not of great force, for if we admit that separate actions were necessary to recover the several funds, yet, as the county assumed to sue for and collect all delinquencies, and as the moneys were paid in settlement and compromise of said action, the collections were virtually made in favor of the county.

The judgment of the district court will be reversed, and the case remanded with directions to render judgment for the plaintiff on the findings for ten per cent. on the moneys collected, to wit, on the said sum of $6,370, and being the sum of $637.

BREWER, J., concurring.